

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00316-CR

---------

FLOYD RICHARD ALBRECHT                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

---------

## FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY
## TRIAL COURT NO. 1233441

---------

## MEMORANDUM OPINION[1]

---------

A jury convicted Appellant Floyd Richard Albrecht of driving while intoxicated, and the trial court sentenced him to serve thirty days in jail, probated for twelve months, and to pay a fine of $500. In one point, Appellant complains that "Article 102.0185(a) of the Texas Code of Criminal Procedure by which the

---

[1]*See* Tex. R. App. P. 47.4.

'Emergency Medical Services'[2] fee was assessed as [a] court cost is facially unconstitutional." As the State candidly concedes, this court has recently held the challenged section of Article 102.0185 facially unconstitutional. *See* Tex. Code Crim. Proc. Ann. art. 102.0185(a); *Casas*, 524 S.W.3d at 925–27 (relying on *Salinas v. State*, 523 S.W.3d 103, 107–11 (Tex. Crim. App. 2017) (declaring section 133.102 of the local government code facially unconstitutional to the extent that it allocated funds from the consolidated fee to the comprehensive rehabilitation account and the abused children's counseling account and invalidating corresponding subsections 133.102(e)(1) and (6) because they do not serve a "legitimate, criminal-justice purpose")). Following *Casas*, we sustain Appellant's sole point.

As the State also concedes, the proper disposition in this case is to subtract the $100 fee from the total costs assessed in the judgment and affirm the judgment as modified. *See Casas*, 524 S.W.3d at 927–28. Accordingly, we modify the trial court's judgment to show that the total assessed court costs are $390.10, not the $490.10 assessed in the original judgment, and we affirm the trial court's judgment as modified.

---

[2]As Appellant points out in his brief, the bill of cost in the clerk's record does not include an "emergency medical services" fee but does include an "emergency management services" fee. We agree with Appellant that both terms refer to the same $100 fee. *See* Tex. Code Crim. Proc. Ann. art. 102.0185(a) (West Supp. 2017); *Casas v. State*, 524 S.W.3d 921, 923, 925–26 (Tex. App.— Fort Worth 2017, no pet.).

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL:  WALKER, MEIER, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 4, 2018